# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL ANTONIO HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV424-150 |
| ) | |
| CITY OF SAVANNAH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Michael Antonio Howard filed this 42 U.S.C. § 1983 action alleging defects in an apparently ongoing state criminal prosecution. *See* doc. 1 at 5-6. He paid the filing fee. However, because he is incarcerated, *see* doc. 1 at 3, and, as explained below, he "seeks redress from a governmental entity or officer or employee of a governmental entity," his Complaint must be screened pursuant to 28 U.S.C. § 1915A. *See, e.g., Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) ("[Section] 1915A does not distinguish between *in forma pauperis* plaintiffs and plaintiffs who pay the filing fees." (citation omitted)). The Court, therefore, proceeds to screen his Complaint, pursuant to § 1915A.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Howard alleges that Defendant Savannah Police Officer Dorthy Holt stopped him "for [his] tag light." Doc. 1 at 5. He alleges that his tag light "worked." *Id.* Despite the light's function, an unidentified district attorney "lied," and Holt provided inconsistent testimony in unspecified proceedings concerning whether the stop was recorded on her vehicle's dashboard mounted camera. *Id.* Chatham County Superior Court Judge Louisa Abbot accepted, at an unspecified hearing, that no video recording existed. *Id.* He characterizes Judge Abbot's conclusion as her having "withheld evidence that would get my case thrown out." *Id.* In addition

to naming Officer Holt and Judge Abbot he also names the City of Savannah, Chatham County, the State of Georgia, and the unidentified district attorney as defendants. *See id.* at 1, 4. The only relief he requests is "[t]o have charges [sic] dismissed and relief for time serve [sic]." *Id.* at 6.

First, to the extent that Howard's Complaint seeks dismissal of pending state charges and release from his current incarceration, that relief is not available in this Court through a § 1983 suit. "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a

3

petitioner fully to exhaust state remedies, which § 1983 does not"). As an apparent pretrial detainee, any request for federal habeas relief would be construed as a petition pursuant to 28 U.S.C. § 2241. *Hiteshaw v. Butterfield*, 262 F. App'x 162, 164 (11th Cir. 2008) ("[A] pre-trial detainee . . . is not in custody pursuant to any state court judgment, and his habeas petition should . . . [be] treated as a § 2241 petition."). Before any such petition could be brought in federal court, Howard would have to exhaust state remedies, including state habeas remedies. *See, e.g., Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022); *see also* O.C.G.A. § 9-14-1(a) ("Any person retrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint."). Accordingly, to the extent he seeks immediate or speedier release, Howard's claims fail.

To the extent that he asks this Court to weigh in on the propriety of ongoing state proceedings against him, any ruling by this Court could substantially interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will

4

interfere with an ongoing state court proceeding" in determining whether abstention is appropriate). Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. Plaintiff, obviously, remains free to allege constitutional and procedural violations in his state criminal proceedings. He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury. *Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). Thus, any such arguments are for the state court. *See also Heck*, 512 U.S. at 487 n. 8 ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings.").

Liberally and generously construing Howard's ambiguous request for "relief for time serve" as a request for monetary damages related to

his allegedly invalid incarceration, the most plausible construction of his claims is that he alleges his constitutional rights were violated and seeks relief pursuant to 42 U.S.C. § 1983.  For the reasons discussed below, construed as asserting § 1983 claims, all but one of his claims is fatally defective.

First, several of the named defendants are immune from suits for monetary damages under § 1983.  The State of Georgia is not a "person" subject to suit under § 1983, *see Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989), and it is immune from suit under the Eleventh Amendment, *see, e.g., Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989). Howard cannot, therefore, assert any viable claim against the State of Georgia.  Judge Abbot enjoys absolute judicial immunity for actions taken in her judicial capacity.  *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  Prosecutors are similarly absolutely immune from suit for actions taken in their function as advocate.  *See, e.g., Imbler v. Pachtman*, 424 U.S. 409 (1976); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984). Any claim against Judge Abbot or the unnamed prosecutor, based on the events alleged in the Complaint, therefore, fail.

As for Chatham County and the City of Savannah, there is simply no allegation in the Complaint that they are involved in any way with Howard's prosecution or incarceration. *See* doc. 1 at 5. Counties and municipalities can be sued under § 1983. *See, e.g., Monell v. Dept. of Social Servs. of New York*, 436 U.S. 658 (1978). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. "To state a *Monell* claim, a plaintiff must allege facts showing: (1) that his constitutional rights were violated; (2) that the [local governing body] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Marantes v. Miami-Dade Cnty.*, 649 F. App'x 665, 672 (11th Cir. 2016) (internal quotation marks and citations omitted). To the extent that Howard's claim alleges that some constitutional right might have been violated, there is no allegation that either the City of Savannah or Chatham County had any custom or policy, much less one that caused any such violation. Neither can be held liable simply because

it employed one or more of the allegedly responsible officers. *See Monell*, 436 U.S. at 691. Howard, therefore, does not assert any viable claim against Chatham County or the City of Savannah.

That leaves Defendant Holt. To the extent that Howard alleges that she provided false testimony, *see* doc. 1 at 5, she enjoys absolute immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983) ("[W]itnesses are absolutely immune from damages liability based on their testimony . . ."); *Jones*, 174 F.3d at 1281 ("Police officers enjoy the same absolute immunity as lay witnesses for their testimony . . ."); *S.W. Daniel, Inc. v. Urrea*, 715 F. Supp. 1082, 1087 (N.D. Ga. 1989) (recognizing immunity against claims for allegedly false testimony by a witness at a pretrial hearing). Any claim Howard asserts based on Holt's testimony, therefore, fails.

The only allegations in the Complaint that allege any possibly actionable claim are Howard's allegations that Holt stopped him without sufficient reason. The Fourth Amendment protects individuals "against unreasonable seizures." U.S. Const., amend. IV. "The law is settled that in Fourth Amendment terms a traffic stop entails a seizure of the driver even though the purpose of the stop is limited and the resulting detention

quite brief." *Brendlin v. California*, 551 U.S. 249, 255 (2007). A valid traffic stop requires that officers "have a particularized and objective basis for suspecting the persons stopped of criminal activity." *United States v. Campbell*, 26 F.4th 860, 880 (11th Cir. 2022) (internal quotation marks and citation omitted). The Court is satisfied that Howard's allegation that Holt stopped him "for [his] tag light," but his "tag light worked," doc. 1 at 5, implicates a potential Fourth Amendment claim. *See, e.g., Sampson v. Rosario*, 2024 WL 982516, at *3 (M.D. Fla. Mar. 1, 2024) (citing, *inter alia., Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996)).

However, Howard's request that his case be "dismissed" implies that his prosecution is ongoing. The Supreme Court has instructed that "[i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accordance with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see also Simpson v. Terrell*, 2023 WL 9105456, at *2 (N.D. Ga. Dec. 5, 2023) ("[W]here a plaintiff

seeks monetary damages for a false arrest claim prior to being convicted, it is typically appropriate to stay the claim rather than dismiss it outright."). Before the Court stays any further proceedings on Howard's false arrest claim, however, he must amend his Complaint to confirm whether any prosecution on the false arrest is ongoing. To the extent that his current prosecution and incarceration may have arisen from the traffic stop, but is based upon other charges, a stay may or may not be required.

In summary, Howard's request "to have charges [against him] dismissed," should be **DISMISSED**, as the requested relief is not available. To the extent that his request for "relief for time serve[d]," implied a request for monetary damages for alleged constitutional violations under 42 U.S.C. § 1983, his claims against the State of Georgia, Defendant Judge Abbot, the unnamed district attorney defendant, and claims against Defendant Holt arising from her allegedly false testimony, should all be **DISMISSED** on immunity grounds. His claims against Defendants Chatham County and the City of Savannah should be **DISMISSED** for failure to state a claim upon which relief can be granted. This Report and Recommendation (R&R) is submitted to the district

judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Howard is **DIRECTED** to file an Amended Complaint to clarify whether his Fourth Amendment false arrest claim against Defendant Holt may proceed immediately or be stayed pending the resolution of his pending state criminal case.  He is **DIRECTED** to file his Amended

Complaint by no later than August 19, 2024. To facilitate his preparation of the Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Addison is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Howard is further advised that failure to timely submit his amended complaint may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 22nd day of July, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA