UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHAEL ANTONIO HOWARD,    )
                           )
    Plaintiff,              )
                           )
v.                         )    CV424-150
                           )
CITY OF SAVANNAH, *et al.*,  )
                           )
    Defendants.             )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Michael Antonio Howard filed this 42 U.S.C. § 1983 action alleging defects in an apparently ongoing state criminal prosecution. *See* doc. 1 at 5-6. He paid the filing fee. However, because he was incarcerated when he initiated this case, *see* doc. 1 at 3; doc. 4, and, as explained below, he "seeks redress from a governmental entity or officer or employee of a governmental entity," his Complaint was screened pursuant to 28 U.S.C. § 1915A. *See, e.g., Danglar v. Dept. of Corrs.*, 50 F.4th 54, 59 (11th Cir. 2022) ("In assessing whether the provisions of the PLRA apply to a plaintiff, [courts] look to the prisoner's status *at the time he filed his complaint*." (internal quotation marks and citation omitted)); *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir.

1

2007) ("[Section] 1915A does not distinguish between *in forma pauperis* plaintiffs and plaintiffs who pay the filing fees." (citation omitted)). Several claims were dismissed, *see* doc. 6, but Howard was directed to file an Amended Complaint related to his false arrest claim, doc. 2 at 9-10. He has filed an Amended Complaint. Doc. 5. The Court, therefore, proceeds to screen his Amended Complaint, pursuant to § 1915A.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Howard's allegations in the Amended Complaint are, if anything, less clear than his original. *Compare* doc. 5 at 5, 12, *with* doc. 1 at 5. He alleges that he was pulled over in 2018 because of a purportedly

malfunctioning tag light. Doc. 5 at 5. Despite the contention that the light was not functioning, it did, in fact, work. *Id.* He alleges that "[t]he arresting officer made a mistake in writing the probable cause," which should have resulted in dismissal of his criminal prosecution. *Id.* at 12. He contends that the district attorney "changed the probable cause[, and] lied trying to make a case." *Id.* He alleges that Defendant Holt provided inconsistent testimony about whether there was dashboard mounted camera footage of the traffic stop. *Id.* Despite that inconsistency, Defendant Judge Louisa Abbott "said that S.P.D. did not have dash cams. She withheld evidence." *Id.* The only relief he requests is that "all charges . . . be dropped." *Id.* at 5.

As the Court previously explained, *see* doc. 2 at 3-5, to the extent that Howard's Complaint seeks dismissal of pending state charges and release from his current incarceration, that relief is not available in this Court through a § 1983 suit. "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus

3

is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"). As an apparent pretrial detainee, any request for federal habeas relief would be construed as a petition pursuant to 28 U.S.C. § 2241. *Hiteshaw v. Butterfield*, 262 F. App'x 162, 164 (11th Cir. 2008) ("[A] pre-trial detainee . . . is not in custody pursuant to any state court judgment, and his habeas petition should . . . [be] treated as a § 2241 petition."). Before any such petition could be brought in federal court, Howard would have to exhaust state remedies, including state habeas remedies. *See, e.g., Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022); *see also* O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the

legality of the restraint."). Accordingly, to the extent he seeks immediate or speedier release, Howard's claims fail.

To the extent that he asks this Court to weigh in on the propriety of ongoing state proceedings against him, any ruling by this Court could substantially interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether abstention is appropriate). Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. Plaintiff, obviously, remains free to allege constitutional and procedural violations in his state criminal proceedings. He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury. *Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal

sense of that term."). Thus, any such arguments are for the state court. *See also Heck*, 512 U.S. at 487 n. 8 ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings.").

To the extent that the case has concluded, *see* doc. 5 at 10, and he contends that his claims in this case would invalidate any conviction, any such claim would appear to be barred under *Heck*. *See Heck*, 512 U.S. at 486-87 (holding, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ."). Alternatively, to the extent he seeks this Court's review of an adjudicated state criminal conviction, it lacks jurisdiction to provide it. *See, e.g., Myers v. King*, 2022 WL 1810997, at *4 (S.D. Ga. June 2,

2022) (*Rooker-Feldman* doctrine precludes review of state court criminal conviction).

Since the only relief Howard requests in his Amended Complaint, *i.e.*, that "all charges should be dropped," is not available, his Amended Complaint should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 3rd day of October, 2024.

                                               /s/ Christopher L. Ray
                                               CHRISTOPHER L. RAY
                                               UNITED STATES MAGISTRATE JUDGE
                                               SOUTHERN DISTRICT OF GEORGIA